IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHESTN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LAURA LASCOLA, Individually, and
as Sole Heir and Next of Kin
NORMA DALE MASSA, deceased,                              PLAINTIFF(S)

  V.                                                NO. 2:06CV80 PA

BARDEN MISSISSIPPI GAMING, LLC,
d/b/a FITZGERALD'S CASINO HOTEL-TUNICA;
TUNICA COUNTY MISSISSIPPI;
TUNICA COUNTY SHERIFF'S DEPARTMENT,
a division of Tunica County, Mississippi;
K.C. HAMP, Individually, and his capacity as
Sheriff of Tunica County; Sheriff's Deputy
KATIE JOHNSON, Individually, and in her
official capacity as a Tunica County, Mississippi
Sheriff's Deputy; and JANE DOE, unknown Tunica County
Sheriff's Deputy, Agent or Employee,                     DEFENDANT(S)

MEMORANDUM OF AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION
TO STRIKE PLAINTIFF'S EXHIBIT NUMBER 22 IN SUPPORT OF PLAINTIFF'S
RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

    The Defendant Barden Mississippi Gaming, LLC, through counsel, pursuant to the Uniform Local Rules and the Rules of Civil Procedure, does hereby submit this Memorandum of Authorities and will show as follows:

1.     Plaintiff, in response to Defendant's Motion for Summary Judgment, has submitted Exhibit Number 22 which is simply a letter.

2.     The fact that a "letter" from an out of Court declarant cannot be used to defeat Summary Judgment is such an elementary proposition that Defendant need not even state more than two (2) cases to say so. Hearsay and unsworn documents are simply not appropriate for consideration by the Court. Martin v. John W. Stone Oil Distributor, Inc., 819 F2d 547,

549 (5th Cir. 1987). E.g. Oglesby v. Terminal Transport Company, 543 F2d 1111, 1112 (5th Cir. 1976).

3. Although the "letter" and whatever it purports to put into evidence is inadmissible, it is worth noting that "material facts" are facts that "will affect the outcome of this suit under governing law." Colston v. Barnhart, 146 F3d 282, 283 (5th Cir. 1998).

4. Under no circumstances, are the facts contained in the alleged exhibit material nor would they affect the outcome of the underlying suit. Regardless, the alleged Exhibit is absolutely incompetent evidence to defeat Summary Judgment, inadmissible, and may not be considered by the Court. The 5th Circuit has repeatedly affirmed decisions of this particular District Court ruling against Plaintiff's attempting to submit improper documents for consideration. Martin and Oglesby, supru.

Based on the foregoing, Plaintiff's alleged Exhibit Number 22 should be struck pursuant to Rule 56(e) and not considered by the Court under any circumstances.

Dated: July 31, 2008         Respectfully submitted,

s/Richard D. Underwood
RICHARD D. UNDERWOOD,
MSB#8533/ TNB#014515/ ARB# 2006137
UNDERWOOD/THOMAS P.C.
1661 International Place Drive, Suite 400
Memphis, Tennessee 38120
(901) 818-3133; (901) 818-3134
Attorney for Barden Mississippi Gaming, LLC

<u>Certificate of Service</u>

A copy of the foregoing document has been served via electronic filing pursuant to Rule 5 of the Rules of Civil Procedure to:

| | | |
|---|---|---|
| Mr. Craig Morton | & | Mr. Andrew G. McCullough |
| Morton & Germany | | Markow Walker, P.A. |
| 45 N. Third, 2nd Floor | | P.O. Box 13669 |
| Memphis, TN 38103 | | Jackson, MS 39269-3669 |

Dated: <u>July 31, 2008</u>   <u>s/Richard D. Underwood</u>
Richard D. Underwood