IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHESTN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LAURA LASCOLA, Individually, and
as Sole Heir and Next of Kin
NORMA DALE MASSA, deceased,                                    PLAINTIFF(S)


  V.                                              NO. <u>2:06CV80 PA</u>

BARDEN MISSISSIPPI GAMING, LLC,
d/b/a FITZGERALD'S CASINO HOTEL-TUNICA;
TUNICA COUNTY MISSISSIPPI;
TUNICA COUNTY SHERIFF'S DEPARTMENT,
a division of Tunica County, Mississippi;
K.C. HAMP, Individually, and his capacity as
Sheriff of Tunica County; Sheriff's Deputy
KATIE JOHNSON, Individually, and in her
official capacity as a Tunica County, Mississippi
Sheriff's Deputy; and JANE DOE, unknown Tunica County
Sheriff's Deputy, Agent or Employee,                            DEFENDANT(S)


<u>MOTION OF DEFENDANT BARDEN MISSISSIPPI GAMING, LLC TO STRIKE
PLAINTIFF'S RULE 60 EXHIBIT "F" TO  MOTION FOR RELIEF FROM
JUDGMENT</u>


The Defendant Barden Mississippi Gaming, LLC, hereby moves, pursuant to Rule

56(e) to Strike Plaintiff's Exhibit "F" to Plaintiff's Rule 60(b) Motion and will show as

follows:

1.    Plaintiff previously submitted a purported affidavit from a "Clark

Chapman" in response to Defendant's Motion for Summary Judgment

(Exhibit 8 to Plaintiff's Response to Motion for Summary Judgment).  The

purported affidavit contained blatant hearsay which was inadmissible and

inappropriate to rebut a properly supported Motion for Summary

Judgment.  Defendant filed a Motion to strike the alleged affidavit on the

basis that it contained inadmissible hearsay (ECF#489).  Plaintiff also

submitted an unsworn, "statement" allegedly from one Ethel Donnelly Defendant filed a Motion to Strike the Statement (ECF#490).   The Court subsequently granted Defendant's Motion for Summary Judgment in all respects and properly so.  (ECF#503 and 504).

2.     Apparently, in an attempt to now contest the judgment entered by the Court in due course, Plaintiff has submitted another affidavit, purportedly a "Clark Chapman" who says that he purportedly spoke with "Ethel Donnelly" who was the person who allegedly provided an unsworn statement in support of Plaintiff's response to Defendant's properly submitted and supported Motion for Summary Judgment.   Chapman's alleged conversation with Ethel Donnelly, for whatever reason, and for whatever its purpose, is hearsay as the declarant, Ethel Donnelly, is not making the statement and statements purportedly made by Chapman, saying what Ethel Donnelly said, are totally hearsay, inadmissible, and not relevant.  The Court has already ruled on this issue (ECF#503 and 504).[1]

3.     Mr. Chapman's affidavit states that it is quoting Ethel Donnelly, who is a witness and not a party, as making an alleged out of court statement to Clark Chapman.  The alleged out of court statement by Ethel Donnelly, is hearsay and not admissible pursuant to Federal Rule of Evidence 801. See, <u>Cormier v. Penngail Exploration & Production Co</u>., 969 F2d 1559 (5th

---

[1] The statement of Vivan Jones is an exhibit to Defendant's Motion for Summary Judgment (ECF#450). As the Court can see, the statement of Vivian Jones is quite detailed, is based upon personal knowledge, gives quite specific facts and details regarding her knowledge of Ms. Massa and Ms. Massa's actions before leaving the casino, and was given under penalty of perjury.  Therefore, there is no question that Vivian Jones' statement is competent evidence to show there is no issue of material fact.  Defendant also submitted a video DVD of Ms. Jones making the statement.

Cir. 1992) (hearsay contained within the affidavit itself is not admissible). Therefore, Plaintiff's Exhibit "F" does not change anything and in fact should be struck as the alleged statement of Ethel Donnelly contained therein is an out of court statement and hearsay.

4. As the Court is aware, and has ruled many times, the Court cannot consider hearsay evidence in affidavits. Clearly, the alleged out of court statement of Ethel Donnelly, as set forth by Clark Chapman, is hearsay evidence and incompetent to impeach her sworn statement under oath. FRE 801 Fed R. Civ. P. 56(e) Salas v. Carpenter 908 F2d 299 (5th Cir. 1992).

5. No where in the Exhibit "F" does Plaintiff alleged affiant rebut any of the facts provided by Ms. Jones. Plaintiff could not do so. It also does not state that Ethel Donnelly refused to provide a statement to Clark Chapman or refused to verify any of the facts contained in her statement. In other words, to rebut the Motion and affiant, Plaintiff was required to come forward with specific admissible material facts to show Ms. Jones' or Ms. Donnelly's facts were wrong.

6. For the foregoing reasons, and the fact that the alleged affidavit of Clark Chapman contains alleged hearsay statements of one "Ethel Donnelly" or "Vivian Jones", the hearsay statements contained therein should be struck and not considered by the Court. FRE 801 and FR Civ. P. 56(e).

7.      Plaintiff's present Motion provides absolutely no information that would negate or cause the Court to "undo" its properly entered Summary Judgment.

8.      In support of this Motion, Defendant relies upon its separate Memorandum of Authorities submitted herewith; and the ECF documents referenced herein.

9.      In addition, Plaintiff's alleged affiant Chapman makes the same old statements attempting to impeach the sworn testimony of Vivian Jones, the witness who's testimony is an Exhibit to Defendant's Motion for Summary Judgment (ECF#453).   Again, those statements are totally hearsay and inadmissible for the reasons set forth herein and the Court's prior opinion.

Therefore, based on the foregoing, Plaintiff's Exhibit "F" should be struck and not considered by the Court in ruling on Plaintiff's Rule 60 Motion for any reason.  To the extent a separate Memorandum of Authorities is required, Defendant moves for a waiver on the basis that this issue is so clear cut and any necessary authorities are cited herein. The Court properly entered Summary Judgment in due course.

Dated: September 18, 2008          Respectfully submitted,

s/Richard D. Underwood
RICHARD D. UNDERWOOD,
MSB#8533/ TNB#014515/ ARB# 2006137
UNDERWOOD/THOMAS P.C.
9037 Poplar Avenue, Suite 101
Memphis, Tennessee  38138
(901) 818-3133; (901) 818-3134
Attorney for Barden Mississippi Gaming,
LLC

<u>Certificate of Service</u>

A copy of the foregoing document has been served via electronic filing pursuant to Rule 5 of the Rules of Civil Procedure to:

| | | |
|---|---|---|
| Mr. Craig Morton | & | Mr. Andrew G. McCullough |
| Morton & Germany | | Markow Walker, P.A. |
| 45 N. Third, 2nd Floor | | P.O. Box 13669 |
| Memphis, TN 38103 | | Jackson, MS 39269-3669 |

Dated: <u>September 18, 2008</u>       <u>s/Richard D. Underwood</u>
                                        Richard D. Underwood