IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LAURA LASCOLA, Individually and as
Sole Heir and Next of Kin to NORMA
DALE MASSA, Deceased,                                               PLAINTIFF,

VS.                                                     CIVIL ACTION NO. 2:06CV080-P-A

BARDEN MISSISSIPPI GAMING, LLC
d/b/a Fitzgerald's Casino Hotel-Tunica;
TUNICA COUNTY MISSISSIPPI; K.C.
HAMP, Sheriff of Tunica County, in His
Official Capacity; KATIE JOHNSON,
Tunica County Sheriff's Deputy, in Her
Official Capacity; and JANE DOE,
Unknown Tunica County Sheriff's
Deputy, in Her Official Capacity,                                   DEFENDANTS.

## ORDER

These matters come before the court upon Plaintiff's Rule 60(b) motion for relief from judgment dismissing her claims against Defendant Barden Mississippi Gaming, LLC [506] and her "errata" supplementary motion thereto [508], as well as Defendant Barden Mississippi Gaming, LLC's motions to strike various exhibits to the plaintiff's Rule 60(b) motion [509, 510, 511, 512, 513]. After due consideration of the motions and the responses filed thereto, the court finds as follows, to-wit:

The plaintiff moves for relief from the court's August 20, 2008 Memorandum Opinion and Final Judgment dismissing all of the plaintiff's claims with prejudice, citing Federal Rule of Civil Procedure 60(b)(1), (3), and (6).

Federal Rule of Civil Procedure 60(b) provides in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or a party's

legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; ... and (6) any other reason that justifies relief.

A motion for relief of judgment under Rule 60(b) is addressed to the discretion of the court. *Hand v. U.S.*, 441 F.2d 529 (5th Cir. 1971). "The cases show that although the courts have sought to accomplish justice, they have administered Rule 60(b) with a scrupulous regard for the aims of finality." 11 Fed. Prac. & Proc. Civ.2d § 2857. "Courts are disinclined to disturb judgments under the aegis of Rule 60(b)." *Pease v. Pakhoed*, 980 F.2d 995, 998 (5th Cir. 1993).

Relief under 60(b) is "extraordinary ... and the requirements of the rule must be strictly met." *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir. 1992).

Having considered the plaintiff's motion and supporting brief, the court concludes that the plaintiff has not met the strict requirements of relief from judgment under Rule 60(b)(1),(2), or (3). The plaintiff had the opportunity to demonstrate a genuine issue of material fact warranting a trial in this matter regarding one or more of her claims during the briefing period after the defendants filed their motions for summary judgment. The court considered all of the arguments presented in the briefs and the exhibits attached thereto and concluded that the plaintiff did not meet her burden in demonstrating a genuine issue of material fact. Essentially, the instant motion is one for reconsideration of the court's ruling. None of the arguments set forth in the plaintiff's brief in support of her Rule 60(b) motion – arguments that are almost wholly devoid of citations to authority – have demonstrated any mistakes, inadvertence, surprise, excusable neglect, fraud, misrepresentation, misconduct, or any other reason that create a genuine issue of material fact warranting a trial on any of the plaintiff's claims against Defendant Barden Mississippi Gaming, LLC.

In connection with the plaintiff's Rule 60(b) motion, Defendant Barden Mississippi Gaming, LLC filed five motions to strike. These motions seek to strike five affidavits attached to the plaintiff's Rule 60(b), all of which were submitted after the Court's August 20, 2008 Opinion and Final Judgment, none of which were submitted before the discovery deadline in this case (which passed on May 27, 2008) and/or before the motions deadline (which passed on June 12, 2008). Thus, all five affidavits should be stricken as untimely since the plaintiff has not demonstrated that any of testimony in the affidavits were not discoverable before the motions deadline and were thus "newly discovered evidence" previously unavailable. Furthermore, insofar as the affidavits of Steve Cain and Roger H. Schmedlen seek to supplement the plaintiff's expert testimony, these affidavits are also untimely since the plaintiff's designation of experts deadline passed on January 28, 2008.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Plaintiff's Rule 60(b) motion for relief from judgment dismissing her claims against Defendant Barden Mississippi Gaming, LLC [506] and her "errata" supplementary motion thereto [508] are **DENIED**; and

(2) Defendant Barden Mississippi Gaming, LLC's motions to strike various exhibits to the plaintiff's Rule 60(b) motion [509, 510, 511, 512, 513] are **GRANTED**.

**SO ORDERED** this the 6th day of October, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE